UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFF DODD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15CV1744 JCH |
| ) | |
| DELTA OUTSOURCE GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment, filed July 20, 2016. (ECF No. 18). The motion is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Jeff Dodd, a resident of St. Charles County, Missouri, allegedly owes a debt arising from an UMB Bank credit card account. (Petition (hereinafter "Complaint" or "Compl."), ¶¶ 4, 5). Defendant Delta Outsource Group ("Delta") is a Missouri corporation engaged in the collection of debts from consumers using the mail and telephone. (*Id.*, ¶¶ 6, 7). Delta thus is a "debt collector" as defined by the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (*Id.*, ¶¶ 1, 7).

Sometime in September, 2015, Plaintiff's account with UMB Bank was placed with Delta's office for collection. (Compl., ¶ 9). On or about October 2, 2015, Delta called Plaintiff at work and attempted a debt collection communication. (*Id.*, ¶ 11; Plaintiff's Statement of Uncontroverted Material Facts ("Plaintiff's Facts"), ¶ 1). According to Plaintiff, Delta failed to disclose that it was a debt collector attempting to collect a debt during the October 2, 2015, phone call. (Compl., ¶ 14; Plaintiff's Facts, ¶ 2). Plaintiff maintains Delta again failed to

disclose that it was a debt collector during its second debt collection communication on October 7, 2015. (Compl., ¶ 15; Plaintiff's Facts, ¶¶ 3, 4).

On or about October 16, 2015, Plaintiff filed his Complaint in the Circuit Court of St. Charles County, Missouri. (ECF No. 4).[1] Plaintiff's Complaint purports to be "an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et Seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices." (*Id.*, ¶ 1). Specifically, Plaintiff maintains Delta committed violations of the FDCPA including, but not limited to, communicating with a third person in connection with the collection of a debt without the prior consent of the consumer, in violation of 15 U.S.C. §§ 1692b(2), 1692c(b); failing to disclose in a collection communication that the communication is from a debt collector in an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11); and contacting a consumer at his place of employment after having reason to know that the employer prohibits such communication, in violation of 15 U.S.C. § 1692c(a)(3). (*Id.*, ¶ 18).

As stated above, Plaintiff filed the instant Motion for Partial Summary Judgment on July 20, 2016, claiming he is entitled to judgment as a matter of law with respect to his claim arising out of the two telephone calls in which Delta failed to disclose that it was a debt collector attempting to collect a debt. (ECF No. 18).

## **SUMMARY JUDGMENT STANDARD**

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

---

[1] Defendant removed Plaintiff's Complaint to this Court on November 23, 2015, on the basis of federal question jurisdiction. (ECF No. 1).

as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*.

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. *Anderson*, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. *Id*. at 249.

## **DISCUSSION**

"The FDCPA was designed to protect consumers from the 'abusive, deceptive and unfair debt collection practices' of debt collectors." *Worch v. Wolpoff & Abramson, L.L.P.*, 477 F.Supp.2d 1015, 1018 (E.D. Mo. 2007) (citing 15 U.S.C. § 1692 *et seq.*). "In order to establish a violation of the FDCPA, a plaintiff must demonstrate that 1) plaintiff has been the object of collection activity arising from a consumer debt; 2) the defendant attempting to collect the debt qualifies as a debt collector under the Act; and 3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *O'Connor v. Credit Protection*

*Ass'n LP*, 2013 WL 5340927, at *6 (E.D. Mo. Sep. 23, 2013) (citations omitted); *see also McHugh v. Valarity, LLC*, 2014 WL 6772469, at *2 (E.D. Mo. Dec. 1, 2014). In the instant case, only the third element is at issue. Plaintiff avers Delta's conduct of failing to disclose it was a debt collector attempting to collect a debt during the two telephone calls it placed to Plaintiff violated 15 U.S.C. § 1692e(11), which provides in relevant part as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:… The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector….

As support for his motion, Plaintiff provides recordings of the two collection calls between Plaintiff and Delta. On this basis Plaintiff moves for summary judgment as to liability, maintaining that because the FDCPA is a strict liability statute, Delta's failure to identify itself as a debt collector necessarily constitutes a violation of § 1692e(11). (Plaintiff's Memorandum in Support of Motion for Partial Summary Judgment, PP. 3-4).

In response to Plaintiff's motion, Delta asserts it may not be held liable because Plaintiff interrupted the representative from Delta in both phone calls, thereby preventing him from making the required disclosures. (Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment, PP. 3-5). Delta posits that at the very least, Plaintiff's actions during the calls and admissions during his deposition create a genuine issue of material fact as to whether Delta violated the FDCPA in its communications with him. (*Id.*).

Upon consideration, the Court agrees that a question of fact remains as to whether Delta violated the FDCPA with its telephone communications. In other words, the Court agrees with

the reasoning of the Court in *Lauer v. Credit Control Services*, in which the District Court for the District of Utah held that the FDCPA does not entitle a plaintiff "to disrupt a collection call, prevent the debt collector from making the required identifications and disclosures, end the call, and through his own actions create a violation of the FDCPA on the part of the debt collector." *Lauer*, 2015 WL 5824941, at *6 (D. Utah Oct. 6, 2015). *See also Id.* (quoting 15 U.S.C. § 1692e(11) (emphasis added)) ("The FDCPA penalizes 'the *failure* to disclose in subsequent communications that the communication is from a debt collector,' but it does not reward a debtor's actions to *prevent* that disclosure."). It remains for the finder of fact to determine whether Plaintiff's actions here prevented Delta from making the required disclosures, and thus created the alleged violation. Plaintiff's Motion for Partial Summary Judgment will therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment (ECF No. 18) is **DENIED**.

Dated this 25th Day of August, 2016.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE